IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-48- |
| | § | RWS-KPJ |
| JAMES COYE (3) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant James Coye's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on April 28, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Tom Gibson.

Defendant was sentenced on April 1, 2015, before The Honorable Robert W. Schroeder III of the Eastern District of Texas after pleading guilty to committing the offenses of Possession of Counterfeit Obligations in Counts 6 & 7 of the Indictment, both being a Class C felony. These offenses carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of V, was 15 to 21 months. Defendant was subsequently sentenced to 21 months imprisonment on each Count ordered to run concurrently, followed by concurrent 3 year terms of supervised release on each Count subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, substance abuse testing and treatment, restitution of $852, and a $100 special assessment. On May 24, 2019, Defendant completed his period of imprisonment and began service of the supervision term.

On April 11, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 162, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not commit another federal, state, or local crime; (3) The defendant shall not unlawfully possess a controlled substance; (4) The defendant shall refrain from any unlawful use of a controlled substance; (5) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (6) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer [Dkt. 162 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On October 18, 2019, Defendant was arrested by Bedford Police Department for the offense of Fraud Destroy Removal Concealment Writing, a Class C Misdemeanor in violation of Texas Penal Code § 32.47. According to the offense report, Defendant was observed changing the price tag on a jacket at Walmart prior to purchasing the item. Defendant was released and ordered to pay a citation; (2) (3) On February 21, 2022, Defendant was arrested by the Colleyville Police Department for Possession of a Controlled Substance PG1 > = 1G < 4G, a 3rd degree felony in violation of Texas Health and Safety Code § 481.115. According to the report, Defendant was a passenger in a vehicle, and during a traffic stop, he was found to be in possession of methamphetamine and two pipes containing methamphetamine residue. While being booked into the jail, he was also found to be in possession of a counterfeit $100 bill. Defendant was released on bond, and the case is pending in Tarrant County; (4) (5) On February 25, 2022, Defendant reported to the U.S. Probation

Office as directed to discuss his recent arrest and submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to the laboratory where it was confirmed. On March 22, 2022, Defendant reported to the U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to the laboratory where it was confirmed; and (6) According to the arrest report from the Colleyville Police Department on February 21, 2022, another passenger in the vehicle with Defendant, Ryan Johnson, was found to be in possession of marijuana and drug paraphernalia [Dkt. 162 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 4 and 5 of the Petition. The Government dismissed allegations 1, 2, 3, and 6 of the Petition. Having considered the Petition and the plea of true to allegations 4 and 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 174, 175].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 31st day of May, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE